IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JAMES B. GOODMAN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-01381 LNH |
| | § | |
| **CORSAIR COMPONENTS, INC.,** | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT CORSAIR COMPONENTS, INC.'S DISCLOSURE REGARDING NONINFRINGEMENT**

Pursuant to the Court's ruling at the Case Management Conference held on September 8, 2014 and Management Order dated September 9, 2014 (ECF No. 25), Defendant Corsair Components, Inc. ("Corsair") hereby through its counsel, submits a narrative of how its technology is different from Goodman's patent.

Claim 1 of the U.S. Patent No. 6,243,315 requires the following two claim limitations:
- "a control device for selectively electrically isolating said memory devices from respective address lines and respective control lines so that when said memory devices are electrically isolated, any signals received on said respective address lines and respective control lines do not reach said memory devices" (this claim limitation in short form is written as "**control-device-with-selective-electrical-isolation**") "**and**"
- "a memory access enable control device coupled to said control device and to said control lines for determining when said memory system is not being accessed and for initiating a low power mode for said memory system wherein said control device electrically isolates said memory devices and places said memory devices in said self refresh mode, thereby reducing the amount of electrical energy being drawn from an electrical power supply for said computer system." (this claim limitation in short form is written as "**memory-access-enable-control-device**")



**Conclusion:** The four schematics of different Corsair accused products show that a control-device-with-selective-electrical-isolation and a separate memory-access-enable-control-device do not exist on the Corsair accused products and thus Corsair accused products do not infringe.

Dated: September 25, 2014

Respectfully submitted,

**SHEPPARD MULLIN RICHTER &HAMPTON LLP**

Edward V. Anderson (*Attorney-in-Charge*)
California Bar No. 83148
evanderson@sheppardmullin.com
Deepali Brahmbhatt
California Bar No. 255646
dbrahmbhatt@sheppardmullin.com
Carina Tan
California Bar No. 185015
ctan@sheppardmullin.com
379 Lytton Avenue
Palo Alto, California 94301
650.815.2600
650.815.2601 fax

**WEISBART SPRINGER HAYES LLP**

By:   /s/ Kevin J. Terrazas
        Kevin J. Terrazas
        Texas Bar No. 24060708
        Southern District Bar No. 1052372
        212 Lavaca Street, Suite 200
        Austin, Texas  78701
        512.652.5780
        512.682.2074 fax
        kterrazas@wshllp.com

**ATTORNEYS FOR DEFENDANT**

-4-

## **CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record herein by way of:

- ☐ U.S. Mail, First Class
- ☐ Certified Mail
- ☐ Facsimile
- ☐ Federal Express
- ☐ Hand Delivery
- ☒ ECF (electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

on this 25th day of September, 2014, to wit:

  David Fink
  texascowboy6@gmail.com
  Fink & Johnson
  7519 Apache Plume Dr.
  Houston, Texas  77071
  713.729.4991
  713.729.4951 fax

  **ATTORNEY FOR PLAINTIFF**

             /s/ Kevin J. Terrazas
             Kevin J. Terrazas